UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID CHIN           ) | |
|     **Plaintiff**      ) | |
|                                  ) | |
| v.                                          ) | |
|                                  ) | Case No. _____ |
| KEOLIS COMMUTER SERVICES, LLC   ) | |
|     **Defendant.**    ) | |

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff, David Chin, by and through counsel, Carolyn M. Latti, Esquire, Latti & Anderson, LLP, P. Matthew Darby, Esquire, Catherine Woolley, Esquire, and Berman, Sobin, Gross, Feldman & Darby, LLP, sues Defendant Keolis Commuter Services, LLC, and as causes of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff David Chin is a citizen of Massachusetts.

2. Defendant Keolis Commuter Services, LLC ("Keolis"), is a railroad corporation organized under the laws of Delaware, with its principal place of business in Boston Massachusetts, and doing business throughout the Greater Boston area, engaging in the carrying of passengers for hire between and through several States of the United States.

3. This Court has original federal question subject matter jurisdiction in this case pursuant to 28 U,.S.C. § 1331 and the Federal Employers' Liability Act, 45 U.S.C.. § 51, et seq, ("FELA").

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), inasmuch as a substantial part of the events or omissions giving rise to this claim occurred in Massachusetts and 28 U.S.C. §1391(b)(2), inasmuch as Keolis' principal place of business in in Boston,

Massachusetts, and is doing business throughout the Greater Boston area, engaging in the carrying of passengers for hire between and through several States of the United States.

5. Plaintiff's action arose under the FELA, 45 U.S.C., 51, et seq.

6. At all times herein mentioned, the Plaintiff and the Defendant were engaged in interstate commerce; all trackage, cars, equipment, and premises involved were under the control of the Defendant.

7. On or about August 2, 2018, the Plaintiff, while in the employ of the Defendant as a Conductor, sustained severe injuries.

8. On that date, the Plaintiff reported for duty at 3:30 p.m. at South Station, Boston. The Plaintiff was scheduled to work various commuter runs on the north end. At approximately 4:30 p.m. on that date he was arriving at Needham Station to drop off and pick-up passengers. Upon arriving at the station, he was in the process of opening the door of the train. The Plaintiff grabbed the handle and started to open the door and the door would not open, and he immediately felt pain in his right shoulder. The Plaintiff continued with his run into South Station and when arriving he reported the incident to Trainmaster Melvin. The Plaintiff was taken to Tufts Hospital by the Trainmaster, where he was treated for his right shoulder injury.

9. Defendant Keolis owed to the Plaintiff a non-delegable duty to provide a reasonably safe place in which to perform his work.

10. Defendant Keolis breached its duty to provide the Plaintiff with a reasonably safe place to work in that:

   a. It failed to use reasonable care to furnish Plaintiff with a reasonably safe place to work;

  b. It failed to properly maintain the condition of the door, in that the door was sticking and was unreasonably hard to open;

  c. It failed to warn the Plaintiff of the danger presented by the defective nature of the door;

  d. It failed to post a notice that this particular door was faulty and hard to open, since apparently this is a problem with many of the car doors and the Defendant is well aware of this problem;

  e. It failed to have a comprehensive and reasonably effective inspection and repair program in place to discover and remediate defective and improperly functioning passenger coach doors, which was a well-known problem with Defendant's passenger coaches.

  f. It was otherwise careless, reckless, and negligent.

  11. As a direct and proximate result of the negligence of Defendant Keolis, the Plaintiff was seriously, painfully, and permanently injured about the body and limbs, resulting in injuries to his right shoulder and surrounding body structures, which caused and will continue to cause pain, suffering, and mental anguish, medical and other related expenses, an inability to perform his usual activities, and loss of income and wage-earning capacity, all past, present, and future.

  WHEREFORE, The Plaintiff, David Chin, demands judgment against the Defendant, Keolis, in an amount to be determined by the Jury, together with interest and costs.

**RESPECTFULLY SUBMIITTED FOR**
**THE PLAINTIFF, DAVID CHIN,**
**BY HIS ATTORNEY,**

/s/ Carolyn M. Latti
Carolyn M. Latti, Esquire
BBO# 567394
Latti & Anderson LLP
30-31 Union Wharf
Boston, Massachusetts 02109
(617) 523-1000
clatti@lattianderson.com

**TO BE ADMITTED PRO HAC VICE**

P. Matthew Darby, Esquire
Catherine Woolley, Esquire
Berman, Sobin, Gross, Feldman & Darby
1301 York Road, Suite 600
Lutherville, Maryland  21093
(410) 769-5400
pmdarby@bsgfdlaw.com
cwoolley@bsgfdlaw.com

Dated: July 26, 2021

## REQUEST FOR JURY TRIAL

Plaintiff David Chin, by and through the undersigned counsel, requests a jury trial on issues presented herein.

/s/ Carolyn M. Latti
Carolyn M. Latti, Esquire

4